UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC., <br><br>Plaintiff,<br><br>v.<br><br>CELINA TENT INC.,<br><br>Defendant. | Case No. 4:24-cv-00372-KAW <br><br> CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL |

1. <u>TRIAL DATE</u>

    a. Jury trial will begin on June 23, 2025 at 9:00 a.m. at the U.S. District Court, 1301 Clay Street, Oakland, California. For courtroom number and floor information, please check the Court's on-line calendar at www.cand.uscourts.gov/judgeswkcal one week prior to trial or call Judge Westmore's Courtroom Deputy at (510) 637-3525.

    b. The length of the trial will be no more than 4 days. The Court may shorten the allotted time as it deems appropriate and may also allocate a fixed number of hours for each side. Court hours for trial are normally 9:00 a.m. to 3:00 p.m., subject to the Court's availability.

2. <u>DISCOVERY AND EXPERT DISCLOSURES</u>

    a. All non-expert discovery shall be completed by December 20, 2024.

    b. Experts shall be disclosed and reports provided by January 17, 2025.

    c. Rebuttal experts shall be disclosed and reports provided by February 14, 2025.

    d. All discovery from experts shall be completed by March 14, 2025.

3. <u>PRETRIAL MOTIONS</u>

    a. The last day for hearing dispositive motions shall be March 20, 2025.

    b. Only one summary judgment motion may be filed by each side, absent leave of court. Leave of court may be sought if multiple parties comprise one or both sides.

    Leave of court may be obtained by filing a motion for administrative relief pursuant to Civ. L. R. 7-11, or by requesting a case management conference or informal telephone conference.

  c. Separate statements of undisputed facts in support of or in opposition to motions for summary judgment shall NOT be filed. See Civil L. R. 56-2. The parties may file a truly joint statement of undisputed facts only if all parties agree that the facts are undisputed.

  d. Objections to evidence may no longer be filed separately but must be contained within the opposition or reply brief or memorandum. Civil L. R. 7-3.

  e. Each party filing or opposing a motion shall also serve and file a proposed order which sets forth the relief or action sought and a short statement of the rationale of decision, including citation of authority that the party requests the court to adopt.

  f. Chambers copies of each electronically-filed dispositive motion must include on each page the running header created by the ECF system and must be delivered to the Clerk's Office by noon the day following its filing.  All documents must be stapled or bound by a two-pronged fastener, and all exhibits to declarations or requests for judicial notice must be tabbed.

  g. In addition, counsel shall email copies of all motions for summary judgment in standard Word format (.doc or .docx, and not .pdf format) to kawpo@cand.uscourts.gov.

4. <u>LAST DAY TO SEEK LEAVE TO AMEND PLEADINGS</u>

The last day to seek leave to amend the pleadings is September 30, 2024.

5. <u>ALTERNATIVE DISPUTE RESOLUTION/SETTLEMENT CONFERENCE</u>

The parties are ordered to participate in private mediation, which shall be completed by January 31, 2025.

6. <u>PRETRIAL CONFERENCE</u>

  a. A pretrial conference shall be held on June 11, 2025 at 2:00 p.m.  Lead counsel who will try the case (or the party if pro se) must attend.  The timing of disclosures required by

Federal Rule of Civil Procedure 26(a)(3) and other pretrial disclosures shall be governed by this order.

    b.    By May 2, 2025, lead counsel shall meet and confer regarding:

        (1)    Preparation and content of the joint pretrial conference statement;

        (2)    Preparation and exchange of pretrial materials to be served and lodged pursuant to paragraph 5(c) below; and

        (3)    Settlement of the action.

    c.    By May 13, 2025, counsel and/or parties shall:

        (1)    Serve and file a joint pretrial statement that includes the pretrial disclosures required by Federal Rule of Civil Procedure 26(a)(3) as well as the following supplemental information:

            (a)    *The Action.*

                (i)    <u>Substance of the Action</u>.  A brief description of the substance of claims and defenses which remain to be decided.

                (ii)    <u>Relief Prayed</u>.  A detailed statement of all the relief claims, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

            (b)    *The Factual Basis of the Action.*

                (i)    <u>Undisputed Facts</u>.  A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

                (ii)    <u>Disputed Factual Issues</u>.  A plain and concise statement of all disputed factual issues which remain to be decided.

                (iii)    <u>Agreed Statement</u>.  A statement assessing whether all or part of the action may be presented upon an agreed statement of

facts.

   (iv) <u>Stipulations</u>.  A statement of stipulations requested or proposed for pretrial or trial purposes.

 (c) *Disputed Legal Issues.*

Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statues and decisions.

 (d) *Trial Preparation.*

   (i) <u>Witnesses to Be Called</u>.  With regard to witnesses disclosed pursuant to Federal Civil Rule of Civil Procedure 26(a)(3)(A), a brief statement describing the substance of the testimony to be given.

   (ii) <u>Estimate of Trial Time</u>.  An estimate of the number of hours needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

   (iii) <u>Use of Discovery Responses</u>.  Designate excerpts from discovery that the parties intend to present at trial, other than solely for impeachment or rebuttal, from depositions specifying the witness page and line references, from interrogatory answers, or from responses to requests for admission.

 (e) *Trial Alternatives and Options.*

   (i) <u>Settlement Discussion</u>.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

   (ii) <u>Amendments, Dismissals</u>.  A statement of requested or

4

        proposed amendments to pleadings or dismissals of parties, claims or defenses.

  (f)  *Miscellaneous.*

        Any other subjects relevant to the trial of the action or material to its just, speedy and inexpensive determination.

(2) Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

(3) Serve and file no more than ten motions in limine, which shall be filed in one document not to exceed 25 pages;

(4) Serve and file proposed voir dire questions, ten-case specific questions for the electronic jury questionnaire (further discussed below), jury instructions, verdict forms and excerpts from discovery that will be offered at trial (include a copy of the deposition testimony or admission).  The parties shall submit proposed jury instructions **jointly**.  If there are any instructions on which the parties cannot agree, those instructions may be submitted separately.  The parties shall submit a **jointly prepared** proposed form of verdict, or, if the parties cannot agree, their respective proposals;

(5) Serve and file an exhibit setting forth the qualifications and experience for each expert witness;

(6) Serve and file a list of each party's exhibits by number (plaintiff) or letter (defendant), including a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

(7) The parties shall lodge <u>two</u> sets of all pretrial filings (1-6, above) to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs labelled with the name of the filing (i.e., joint pretrial statement, trial brief, voir dire questions, jury instructions, verdict forms, excerpts of discovery, etc.);

  (8) Exchange exhibits which shall be premarked with an exhibit sticker tabbed and in binders. Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.);

  (9) Deliver <u>two</u> sets of all premarked exhibits to the Oakland Clerk's Office, tabbed and in binders (exhibits are not to be filed). Each set of exhibits must include an exhibit list. The exhibits shall be labeled in the lower right-hand corner with the exhibit number in a prominent, bold typeface.

No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not timely disclosed in its pretrial statement, exchanged with opposing counsel, and delivered to the Court absent leave of the court and for good cause shown. Furthermore, all parties are reminded of their disclosure duties under Federal Rule of Civil Procedure 26. Any document or witness that should have been disclosed under Rule 26 will not be introduced at trial.

  d. By May 23, 2025, after meeting and conferring in a good faith attempt to resolve any objections, counsel and/or parties shall serve and file: (1) any objections to exhibits or to use of deposition excerpts or other discovery; (2) any objections to witnesses, including the qualifications of an expert witness; (3) any objection to proposed voir dire questions, jury instructions and verdict forms that the parties have been unable in good faith to resolve; (4) any opposition to a motion *in limine*. No replies to motions in limine shall be filed, but responses to objections may be filed within five days. **Failure to file responses to objections may result in all objections being sustained as unopposed.** The parties shall not file separate objections, apart from those contained in the motions in limine, to the opposing party's witness list, exhibit list or discovery designations.

  (1) The parties shall lodge <u>two</u> sets of objections and oppositions to the Oakland Clerk's Office within one court day of filing. The filings must be contained in a binder, separated by tabs (i.e., exhibit objections, witness objections, oppositions to motions in limine, etc.).

(2) The parties shall lodge <u>two</u> copies of any responses to objections with the Oakland Clerk's Office within one court day of filing.

e. All motions shall be heard at the pretrial conference unless otherwise ordered.

7. <u>JURY TRIAL</u>

a. The Court currently issues an electronic questionnaire, which includes standard juror questions and up to ten additional case-specific questions. The standard questionnaire (or similar) is provided to the venire members, to be answered online. The standard questionnaire may be found in the "Attorney Quick Links," on https://www.cand.uscourts.gov/attorneys/. Additionally, the parties may include up to ten additional case-specific questions. The parties should determine whether they prefer responses to be provided either in the form of: (1) a "no" and "if yes, please explain" comment box, or (2) a comment box. Examples of these options are shown below:

1. Do you or any close family members or friends have experience working in education?

○ No

○ If yes, please explain.

2. Do you or any close family members or friends have experience working in education?

b. Responses to the electronic questionnaire are provided to counsel prior to jury selection. The Court will typically schedule a conference prior to jury selection to review questionnaire responses and discuss jurors who should be excused for cause. During voir dire, the Court does not intend to re-ask questions that potential jurors have already been asked in the electronic questionnaire; this does not preclude following up on particular answers. Counsel should submit an agreed upon set of additional voir dire questions to be posed by the Court. Any

voir dire questions on which counsel cannot agree may be submitted separately. Counsel shall be allowed brief follow-up voir dire after the Court's questioning.

  c. The following jury instructions from the <u>Ninth Circuit Manual of Model Civil Jury Instructions</u> (available on the Ninth Circuit website at *http://www.ce9.uscourts.gov*) shall be given absent objection:  1.3, 1.5, 1.9-1.18, 1.20, 2.13, 3.1-3.3, 3.5.  The Court will also give the attached "Unconscious Bias" instruction absent objection.  Counsel shall submit jointly an agreed upon set of case specific instructions, using the Ninth Circuit Manual where appropriate.  Do not submit duplicates of those instructions listed above except as to 1.5, which includes a brief summary of the parties' respective positions.  Any instructions on which counsel cannot agree may be submitted separately.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based and a reference to the party submitting it.  A second blind copy of each instruction and verdict form shall also be submitted omitting the citation to authority and the reference to the submitting party.

  d. <u>Bench copy</u>: A bench binder containing a copy of each side's exhibits must be provided to the Court on the first day of trial.  Each exhibit must be separated with a label divider.

8. In addition to electronic filing, Counsel shall email copies of all proposed jury instructions, motions *in limine*, forms of verdict, and trial briefs in standard Word format (.doc or .docx, not .pdf format) to kawpo@cand.uscourts.gov.

9. <u>SUMMARY OF DATES</u>

| | |
|---|---|
| Trial | June 23, 2025 |
| Pretrial Conference | June 11, 2025 |
| Objections; Oppositions to Motions in Limine | May 23, 2025 |
| Joint Pretrial Statement; Motions in Limine | May 13, 2025 |
| Meet and Confer | May 2, 2025 |
| Last Day to Hear Dispositive Motions | March 20, 2025 |
| Close of Expert Discovery | March 14, 2025 |

| | |
|---|---|
| Rebuttal Expert Disclosure and Reports Provided | February 14, 2025 |
| Expert Disclosure and Reports Provided | January 17, 2025 |
| Non-Expert Discovery Cut-off | December 20, 2024 |
| ADR Deadline | January 31, 2025 |
| Last day to amend the pleadings | September 30, 2024 |

A further Case Management Conference is scheduled for October 22, 2024 at 1:30 p.m.

IT IS SO ORDERED.

Dated: April 25, 2024

KANDIS A. WESTMORE
United States Magistrate Judge

# **UNCONSCIOUS BIAS JURY INSTRUCTION**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, disabled or abled, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.