Michael Zachary (SBN 112479)
mzachary@bdiplaw.com
Hillary Bunsow (SBN 278719)
Hillary.bunsow@bdiplaw.com
Brenda Entzminger (SBN 226760)
bentzminger@bdiplaw.com
Gareth De Walt (SBN 261479)
gdewalt@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

Michael Matesky (*Pro Hac Vice*)
mike@mateskylaw.com
Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA  98105
Ph: 206.701.0331
Fax: 206.701.0332

*Attorneys for Plaintiff*
CALIFORNIA INDUSTRIAL
FACILITIES RESOURCES, INC.,
dba CAMSS SHELTERS

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC., dba CAMSS Shelters, an Alaska corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CELINA TENT INC., an Ohio corporation,<br><br>Defendant. | Case No.  4:24-cv-372-KAW<br><br>**JOINT STIPULATION AND STIPULATED PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

1      Pursuant to Civil Local Rule 7-12 and the Standing Order for All Civil Cases Before

2  District Judge Kandis A. Westmore, the parties respectfully and jointly request that the Court

3  enter their proposed Protective Order for Litigation Involving Patents, Highly Sensitive

4  Confidential Information and/or Trade Secrets, which is attached as Exhibit A to the Declaration

5  of Michael Zachary. For the reasons also set forth in the Zachary Declaration filed concurrently

6  herewith, good cause exists for the parties' request.  Exhibit B to the Zachary Declaration is a

7  redlined version of the proposed Protective Order showing the changes from the Northern

8  District of California Model Protective Order for Litigation Involving Patents, Highly Sensitive

9  Confidential Information and/or Trade Secrets.

12    Dated: July 30, 2024

*/s/ Michael Zachary*

Michael Zachary (SBN 112479)
mzachary@bdiplaw.com
Hillary Bunsow (SBN 278719)
Hillary.bunsow@bdiplaw.com
Gareth De Walt (SBN 261479)
gdewalt@bdiplaw.com
Brenda Entzminger (SBN 226760)
bentzminger@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

Michael Matesky (*Pro Hac Vice*)
mike@mateskylaw.com
Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA  98105
Ph: 206.701.0331
Fax: 206.701.0332

*Attorneys for Plaintiff*
CALIFORNIA INDUSTRIAL
FACILITIES RESOURCES, INC., dba
CAMSS SHELTERS

1    Dated: July 30, 2024                      */s/ Reid E. Dammann*

2                                    Reid E. Dammann (SBN: 249031)

3                                    rdammann@grsm.com
                                   Quyen T. Le (SBN: 271692)

4                                    qle@grsm.com
                                   GORDON REES SCULLY

5                                    MANSUKHANI, LLP
                                   315 Pacific Avenue

6                                    San Francisco, CA 94111
                                   Telephone: (415) 986-5900

7                                    Facsimile: (415) 986-8054

8                                    *Attorneys for Defendant*

9                                    CELINA TENT INC.

Michael Zachary (SBN 112479)
mzachary@bdiplaw.com
Hillary Bunsow (SBN 278719)
Hillary.bunsow@bdiplaw.com
Brenda Entzminger (SBN 226760)
bentzminger@bdiplaw.com
Gareth De Walt (SBN 261479)
gdewalt@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

Michael Matesky (*Pro Hac Vice*)
mike@mateskylaw.com
Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA  98105
Ph: 206.701.0331
Fax: 206.701.0332

*Attorneys for Plaintiff*
CALIFORNIA INDUSTRIAL
FACILITIES RESOURCES, INC.,
dba CAMSS SHELTERS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC., dba CAMSS Shelters, an Alaska corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CELINA TENT INC., an Ohio corporation,<br><br>　　　　Defendant. | Case No.  4:24-cv-372-KAW<br><br>**DECLARATION OF MICHAEL ZACHARY IN SUPPORT OF THE PARTIES' JOINT STIPULATION AND PROPOSED STIPULATED PROTECTIVE ORDER**<br><br>**DEMAND FOR JURY TRIAL** |

I, Michael Zachary, hereby declare as follows:

1.     I am an attorney licensed to practice law in the State of California. I am a partner in the law firm of Bunsow De Mory LLP, and counsel of record for Plaintiff California Industrial Facilities Resources, Inc., dba CAMSS Shelters. I am admitted to practice before the Northern District of California. The following statements are based on my own personal knowledge, and if called as a witness, I could testify thereto.

2.     Pursuant to the Standing Order for All Civil Cases Before District Judge Kandis A. Westmore, I make this declaration in support of the Parties' Joint Stipulation And Proposed Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets.

3.     The Parties respectfully request that the Court grant the Joint Stipulation and Proposed Stipulated Protective Order. Attached hereto is Exhibit A containing the Parties' Proposed Stipulated Protective Order and attached hereto is Exhibit B illustrating the Parties' proposed changes to the Model Order in redline form.

4.     Almost all of the modifications to the language of the Court's Model Protective Order proposed by the Parties involve the removal or inclusion of language denoted as optional in the Court's Model Order, or involve paragraph numbering correction to reflect such removal or inclusion.  In addition, the Parties have deleted the footnotes in the Model Protective Order. All of these revisions are shows in Exhibit B.

5.     In addition to the revisions related to optional language, the Parties have deleted language in Section 7.3 relating to disclosure to Designated House Counsel, as neither Party has in-house counsel, and other language related to Designated House Counsel, in Section 7.2, which was designated as optional, has also been removed by agreement of the Parties.  These revisions are also shown in Exhibit B.

1      I declare under penalty of perjury that the foregoing is true and correct. Executed on this

2  the 30 day of July 2024.

3

4

5                                            _/s/ Michael Zachary_
                                             Michael Zachary (SBN 112479)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA INDUSTRIAL FACILITIES RESOURCES, INC., dba CAMSS Shelters, an Alaska corporation, | Case No.  4:24-cv-372-KAW |
| Plaintiff, | STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |
| vs. | |
| CELINA TENT INC., an Ohio corporation, | |
| Defendant. | |

1.    <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2

2.12     <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13     <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14     <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15     <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.     <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

United States District Court
Northern District of California

5.      DESIGNATING PROTECTED MATERIAL

5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not

4

designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the

United States District Court
Northern District of California

5

transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

2  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

3  days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

4  belief that the confidentiality designation was not proper and must give the Designating Party an

5  opportunity to review the designated material, to reconsider the circumstances, and, if no change in

6  designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

7  the next stage of the challenge process only if it has engaged in this meet and confer process first or

8  establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

9  manner.

10         6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

11  the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in

12  compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

13  within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

14  whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

15  movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

16  by the Designating Party to make such a motion including the required declaration within 21 days (or 14

17  days, if applicable) shall automatically waive the confidentiality designation for each challenged

18  designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

19  at any time if there is good cause for doing so, including a challenge to the designation of a deposition

20  transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

21  competent declaration affirming that the movant has complied with the meet and confer requirements

22  imposed by the preceding paragraph.

23         The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

24  Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

25  expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

26  Designating Party has waived the confidentiality designation by failing to file a motion to retain

27  confidentiality as described above, all parties shall continue to afford the material in question the level of

28  protection to which it is entitled under the Producing Party's designation until the court rules on the

challenge.

7.      <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

        7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (d) the court and its personnel;

        (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**

**agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed];

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of

9

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the

United States District Court
Northern District of California

Non-Party not to produce the Non-Party's confidential information, then the Party shall:

      1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

      2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      3.    make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation

material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    <u>MISCELLANEOUS</u>

      12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

      12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

      12.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:                                          */s/ DRAFT*

Michael Zachary (SBN 112479)
mzachary@bdiplaw.com
Hillary Bunsow (SBN 278719)
Hillary.bunsow@bdiplaw.com
Gareth De Walt (SBN 261479)
gdewalt@bdiplaw.com
Brenda Entzminger (SBN 226760)
bentzminger@bdiplaw.com
BUNSOW DE MORY LLP
701 El Camino Real
Redwood City, CA 94063
Telephone: (650) 351-7248
Facsimile: (415) 426-4744

Michael Matesky (*Pro Hac Vice*)
mike@mateskylaw.com
Matesky Law PLLC
4500 9th Ave. NE, Suite 300
Seattle, WA  98105
Ph: 206.701.0331
Fax: 206.701.0332

*Attorneys for Plaintiff*

CALIFORNIA INDUSTRIAL
FACILITIES RESOURCES, INC., dba
CAMSS SHELTERS

Dated:                                  */s/ DRAFT*
                                        REID E. DAMMANN (SBN: 239031)
                                        rdammann@grsm.com
                                        GORDON REES SCULLY
                                        MANSUKHANI, LLP
                                        633 West Fifth Street, 52nd floor
                                        Los Angeles, CA 90071,
                                        Telephone: (213) 576-5000
                                        Facsimile: (213) 680-4470

                                        *Attorneys for Defendant*
                                        CELINA TENT, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: ___August 1, 2024___

                              Kandis A. Westmore
                              United States Magistrate Judge

15

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
     [printed name]

Signature: _____
     [signature]

United States District Court
Northern District of California

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CALIFORNIA INDUSTRIAL
FACILITIES RESOURCES, INC., dba
CAMSS Shelters, an Alaska corporation,

        Plaintiff,

      vs.

CELINA TENT INC., an Ohio
corporation,

        Defendant,

Case No.  4:24-cv-372-KAW

STIPULATED PROTECTIVE ORDER
FOR LITIGATION INVOLVING
HIGHLY SENSITIVE CONFIDENTIAL
INFORMATION AND/OR TRADE
SECRETS

1.    PURPOSES AND LIMITATIONS

    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

    2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated,

2    stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure

3    26(c).

4    2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as

5    their support staff).

6    2.4    Designating Party: a Party or Non-Party that designates information or items that it

7    produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY

8    CONFIDENTIAL – ATTORNEYS' EYES ONLY".

9    2.5    Disclosure or Discovery Material: all items or information, regardless of the medium or

10   manner in which it is generated, stored, or maintained (including, among other things, testimony,

11   transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in

12   this matter.

13   2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the

14   litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant

15   in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time

16   of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

17   2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:

18   extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party

19   would create a substantial risk of serious harm that could not be avoided by less restrictive means.

20   2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does

21   not include Outside Counsel of Record or any other outside counsel.

22   2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity

23   not named as a Party to this action.

24   2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but

25   are retained to represent or advise a party to this action and have appeared in this action on behalf of that

26   party or are affiliated with a law firm which has appeared on behalf of that party.

27   2.11    Party: any party to this action, including all of its officers, directors, employees,

28   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2

**Deleted:** ¶
2.4    [*Optional*: Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.]

**Deleted:** 5

**Deleted:**    [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]

**Deleted:** 6

**Deleted:** 7

**Deleted:** 8

**Deleted:** 2.9    [*Optional*: "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.¶

**Deleted:** 10

**Deleted:** 11

**Deleted:** 2

**Deleted:** 3

United States District Court
Northern District of California

1      2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in

2   this action.

3      2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g.,

4   photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or

5   retrieving data in any form or medium) and their employees and subcontractors.

6      2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

7   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8      2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing

9   Party.

10   3.    <u>SCOPE</u>

11      The protections conferred by this Stipulation and Order cover not only Protected Material (as

12   defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

13   excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

14   presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

15   conferred by this Stipulation and Order do not cover the following information: (a) any information that is

16   in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain

17   after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order,

18   including becoming part of the public record through trial or otherwise; and (b) any information known to

19   the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a

20   source who obtained the information lawfully and under no obligation of confidentiality to the Designating

21   Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

22   4.    <u>DURATION</u>

23      Even after final disposition of this litigation, the confidentiality obligations imposed by this Order

24   shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise

25   directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

26   action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all

27   appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any

28   motions or applications for extension of time pursuant to applicable law.

3

**Deleted: 4**

**Deleted: 5**

**Deleted: 6**

**Deleted:** [*Optional*: or as "HIGHLY CONFIDENTIAL – SOURCE CODE."]

**Deleted: 7**

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations.</u> Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not

4

United States District Court
Northern District of California

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"] …

1  designate them for protection until after the inspecting Party has indicated which material it would like

2  copied and produced. During the inspection and before the designation, all of the material made available

3  for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the

4  inspecting Party has identified the documents it wants copied and produced, the Producing Party must

5  determine which documents, or portions thereof, qualify for protection under this Order. Then, before

6  producing the specified documents, the Producing Party must affix the appropriate legend

7  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that

8  contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

9  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

10 markings in the margins) and must specify, for each portion, the level of protection being asserted.

11      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating

12 Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected

13 testimony and specify the level of protection being asserted. When it is impractical to identify separately

14 each portion of testimony that is entitled to protection and it appears that substantial portions of the

15 testimony may qualify for protection, the Designating Party may invoke on the record (before the

16 deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific

17 portions of the testimony as to which protection is sought and to specify the level of protection being

18 asserted. Only those portions of the testimony that are appropriately designated for protection within the 21

19 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

20 Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

21 entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

22 EYES ONLY."

23      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

24 proceeding to include Protected Material so that the other parties can ensure that only authorized

25 individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present

26 at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its

27 designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

28      Transcripts containing Protected Material shall have an obvious legend on the title page that the

5

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE]…

United States District Court
Northern District of California

transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

6

**Deleted:** [*Optional:* or "HIGHLY CONFIDENTIAL – SOURCE CODE"]…

United States District Court
Northern District of California

1    Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by

2    conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14

3    days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its

4    belief that the confidentiality designation was not proper and must give the Designating Party an

5    opportunity to review the designated material, to reconsider the circumstances, and, if no change in

6    designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to

7    the next stage of the challenge process only if it has engaged in this meet and confer process first or

8    establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely

9    manner.

10          6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention,

11   the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in

12   compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or

13   within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute,

14   whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the

15   movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure

16   by the Designating Party to make such a motion including the required declaration within 21 days (or 14

17   days, if applicable) shall automatically waive the confidentiality designation for each challenged

18   designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation

19   at any time if there is good cause for doing so, including a challenge to the designation of a deposition

20   transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a

21   competent declaration affirming that the movant has complied with the meet and confer requirements

22   imposed by the preceding paragraph.

23          The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

24   Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

25   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

26   Designating Party has waived the confidentiality designation by failing to file a motion to retain

27   confidentiality as described above, all parties shall continue to afford the material in question the level of

28   protection to which it is entitled under the Producing Party's designation until the court rules on the

Deleted: [1]

7

1  challenge.

2  7.      ACCESS TO AND USE OF PROTECTED MATERIAL

3          7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or

4  produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending,

5  or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

6  persons and under the conditions described in this Order. When the litigation has been terminated, a

7  Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

8          Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

9  manner that ensures that access is limited to the persons authorized under this Order.

10         7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

11  court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or

12  item designated "CONFIDENTIAL" only to:

13         (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said

14  Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation

15  and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

16  A;

17         (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to

18  whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

19  Agreement to Be Bound" (Exhibit A);

20         (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably

21  necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

22  (Exhibit A);

23         (d) the court and its personnel;

24         (e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to

25  whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and

26  Agreement to Be Bound" (Exhibit A);

27         (f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and

28  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), **unless otherwise**

United States District Court
Northern District of California

Deleted: 5

Deleted: 2

8

**agreed by the Designating Party or ordered by the court**. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(c) the court and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or

9

United States District Court
Northern District of California

1  her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

2  employer(s), (5) identifies each person or entity from whom the Expert has received compensation or

3  funding for work in his or her areas of expertise or to whom the expert has provided professional services,

4  including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by

5  name and number of the case, filing date, and location of court) any litigation in connection with which the

6  Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or

7  trial, during the preceding five years.

8  (b) A Party that makes a request and provides the information specified in the preceding respective

9  paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of

10  delivering the request, the Party receives a written objection from the Designating Party. Any such

11  objection must set forth in detail the grounds on which it is based.

12  (c) A Party that receives a timely written objection must meet and confer with the Designating

13  Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days

14  of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert

15  may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if

16  applicable) seeking permission from the court to do so. Any such motion must describe the circumstances

17  with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

18  assess the risk of harm that the disclosure would entail, and suggest any additional means that could be

19  used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration

20  describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet

21  and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

22  approve the disclosure.

23  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of

24  proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the

25  Receiving Party's need to disclose the Protected Material to its Designated House Counsel or Expert.

26

27  If a Party is served with a subpoena or a court order issued in other litigation that compels

28  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

10

---

**Margin comments (right side):**

Deleted: 9

Deleted: 10

Deleted: Designated House Counsel or

Deleted: Designated House Counsel or

Deleted: Designated House Counsel or

Deleted: Designated House Counsel or

Deleted:    [   ] ¶
bsent written consent from the roducing arty, any individual who receives access to " _ – _ " [ptional: or " _ – _ "] information shall not be involved in the prosecution of patents or patent applications relating to [insert subject matter of the invention and of highly confidential technical information to be produced], including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the nited tates atent and rademark ffice ("the atent ffice"). or purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  o avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). his rosecution ar shall begin when access to " _ – _ " [ptional: or " _ – _ "] information is first received by the affected individual and shall end two () years after final termination of this action. ¶     ¶
    [   ] ¶
(a) o the extent production of source code becomes necessary in this case, a roducing arty may designate source code as " _ – _ " if it comprises or includes confidential, proprietary or trade secret source code.¶
(b) rotected aterial designated as " _ – _ " shall be subject to all of the protections afforded to " _ – _ " shall be subject to all of the protections afforded to " _ – _ " information [ptional: including the rosecution ar set forth in aragraph ], and may be disclosed only to the individuals to whom " _ – _ " information may be disclosed, as set forth in aragraphs . and ., with the exception of esignated ouse ounsel.¶
(c) ny source code disclosed in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the roducing arty's counsel or another mutually agreed upon location. he source code shall be made available for inspection on a secured computer in a secured room without nternet access or network access to other computers, and the  eceiving arty shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. he roducing arty may visually monitor the activities of the  eceiving arty's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.¶
(d) he  eceiving arty may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as  …

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)   The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)   In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.   promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

11

United States District Court
Northern District of California

Deleted: [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] …

Deleted: 18

Deleted: [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"] …

Deleted: [*Optional*: or "HIGHLY CONFIDENTIAL – SOURCE CODE"]…

United States District Court
Northern District of California

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). If information is produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return or destroy the specified information and any copies it has and may not sequester, use or disclose the information

12

**Deleted:** [19]

**Deleted:** [20]

until the claim is resolved. This includes a restriction against presenting the information to the court for a determination of the claim. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.   MISCELLANEOUS

   12.1   Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

   12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

   12.3   Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.   FINAL DISPOSITION

   Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other

13

United States District Court
Northern District of California

Deleted: 4

Deleted: 4

Deleted: 14.3   [*Optional:* Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.¶

Deleted: 4

Deleted: 4

1  format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned

2  or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the

3  same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category,

4  where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the

5  Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format

6  reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are

7  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

8  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

9  consultant and expert work product, even if such materials contain Protected Material. Any such archival

10  copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in

11  Section 4 (DURATION).

12       IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

13  Dated:                          */s/ DRAFT*

14                                  Michael Zachary (SBN 112479)
                                    mzachary@bdiplaw.com

15                                  Hillary Bunsow (SBN 278719)
                                    Hillary.bunsow@bdiplaw.com

16                                  Gareth De Walt (SBN 261479)
                                    gdewalt@bdiplaw.com

17                                  Brenda Entzminger (SBN 226760)
                                    bentzminger@bdiplaw.com

18                                  BUNSOW DE MORY LLP
                                    701 El Camino Real

19                                  Redwood City, CA 94063
                                    Telephone: (650) 351-7248

20                                  Facsimile: (415) 426-4744

21                                  Michael Matesky (*Pro Hac Vice*)
                                    mike@mateskylaw.com

22                                  Matesky Law PLLC
                                    4500 9th Ave. NE, Suite 300

23                                  Seattle, WA  98105
                                    Ph: 206.701.0331

24                                  Fax: 206.701.0332

25                                  *Attorneys for Plaintiff*
                                    CALIFORNIA INDUSTRIAL

26                                  FACILITIES RESOURCES, INC., dba
                                    CAMSS SHELTERS

27

28

                                    14

Dated: _____                    /s/ DRAFT
                                          _____
                                          REID E. DAMMANN (SBN: 239031)
                                          rdammann@grsm.com
                                          GORDON REES SCULLY
                                          MANSUKHANI, LLP
                                          633 West Fifth Street, 52nd floor
                                          Los Angeles, CA 90071,
                                          Telephone: (213) 576-5000
                                          Facsimile: (213) 680-4470

                                          *Attorneys for Defendant*
                                          CELINA TENT, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____ _____
                                 [Name of Judge]
                                 United States District/Magistrate Judge

| Deleted: DATED: _____ |
| ¶ |
| Attorneys for Plaintiff¶ |
| ¶ |
| DATED: _____ ¶ |
| Attorneys for Defendant¶ |
| ¶ |

United States District Court
Northern District of California

15

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Northern District

of California on [date] in the case of _____ **[insert formal name of the case and the number and

initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
               [printed name]

Signature: _____
            [signature]

16